[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant Michael Posey was convicted of assault in violation of R.C. 2903.13(A). The trial court imposed a six-month prison term. Bringing forth three assignments of error, Posey now challenges his conviction and the imposition of his sentence. For the following reasons, we affirm in part, reverse in part and remand for re-sentencing.
We first consider Posey's second and third assignments of error together. In his second assignment of error, Posey argues that the trial court erred in denying his Crim.R. 29 motion for an acquittal at the close of the state's case, because the evidence presented was insufficient to support his conviction. In his third assignment of error, Posey contends that his conviction was against the manifest weight of the evidence. We are unpersuaded.
In reviewing a claim of insufficient evidence, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the prosecution, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1] When reviewing a challenge to the trial court's denial of a Crim.R. 29 motion, an appellate court is required to determine whether the evidence "[wa]s such that reasonable minds [could have] reach[ed] different conclusions" as to whether the state had proved each material element of the offense beyond a reasonable doubt.[2] On the other hand, when reviewing a weight-of-the-evidence question, an appellate court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
After reviewing the record, we hold that there was sufficient evidence presented to support Posey's conviction for assault on a peace officer and that the trial court properly denied Posey's Crim.R. 29 motion. In the early morning hours of October 3, 2000, police officers Daniel Carder and Chad Richter responded to a 911 domestic-violence call placed by Shatrice James, a neighbor who lived above Melody Russell, the mother of Posey's child. Both officers testified that, upon nearing the residence, they noticed three people standing in the middle of the road and that they had to swerve to avoid hitting Russell, who either had been pushed or had jumped in front of the police cruiser. The record demonstrates that Posey and Russell had been fighting in Russell's apartment, where she lived with their one-year old son. Russell had grabbed her son and had run outside to escape Posey. Posey had followed, as had James, the upstairs neighbor, in order to retrieve the child and to keep him safe.
By the time the officers had stopped the cruiser, James was holding the baby. Both officers testified that Posey had grabbed James, thrown her on the ground and was wrestling with her for the baby. James testified that Posey had not thrown her to the ground but that they had just tripped. Officer Carder testified that Posey had hit James several times with his fist after knocking her to the ground. Officer Richter physically separated Posey from James and the baby, and he then proceeded to wrestle with Posey in order to subdue him. Officer Carder testified that he had told James and Russell to leave the scene and to go back to Russell's apartment, and that they had obeyed that instruction. James testified that she had not left the scene.
During his struggle with Posey, Officer Richter testified, Posey punched him in the face several times, and he had pain for a few days following the incident. He testified that he could not chew for two to three days due to the pain. Officer Carder testified that he had seen Posey hit Richter with a closed fist. Posey testified that, although he was intoxicated and agitated, he had not punched Officer Richter. James, who testified that she had not left the scene, testified that Posey had not hit either officer and that Officer Richter had not struggled with Posey, but instead that Richter had struck Posey with the baton. Both officers testified that there had been a struggle between Richter and Posey, and the state introduced Richter's damaged badge (as a result of the struggle) to support the officers' testimony. Furthermore, both officers testified that it was Officer Carder, not Richter as James stated, who had struck Posey with the baton in order to subdue him. These conflicts in the evidence, including the credibility of the witnesses, were primarily for the trier of fact to resolve.[4] Thus, the jury here was entitled to believe the state's witnesses and to disbelieve Posey and James. Accordingly, there was sufficient evidence to support a conviction for assault, and because we hold that reasonable minds could have reached different conclusions as to whether each element of assault was proved beyond a reasonable doubt, the trial court properly denied Posey's Crim.R. 29 motion. Further, upon a review of the record and sitting as a "thirteenth juror," we conclude that the jury did not lose its way and create such a manifest miscarriage of justice that we must reverse Posey's conviction and order a new trial.[5] The second and third assignments of error are overruled.
In his first assignment of error, Posey maintains that the trial court improperly imposed a prison term without making the statutorily required findings. We agree.
Before imposing a prison term for assault on a peace officer, a fourth-degree felony, the trial court must find that a prison term is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11, and that the offender is not amenable to community control.[6] Here, the trial court did not mark on the felony sentencing worksheet that Posey was not amenable to community control, nor did it state this on the record. Accordingly, as Posey's sentence was contrary to law, we sustain his first assignment of error, vacate the sentence, and remand this matter to the trial court to make the requisite statutory findings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Hildebrandt, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[3] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[4] See State v. DeHaas (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[5] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.
[6] R.C. 2929.13(B)(2)(a)